**NOT FOR PUBLICATION**                                                                                                                            **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARVEY PATRICK SHORT, | Civil Action No.: 10-6044 (JLL) |
| Plaintiff, | |
| v. | |
| GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al., | **ORDER** |
| Defendants. | |

      Plaintiff seeks to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence, this Court (1) grants Plaintiff's application to proceed in forma pauperis, and (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security. 28 U.S.C. § 1915(a).

      After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      Having thoroughly reviewed Plaintiff's Complaint, this Court cannot ascertain the legal or factual basis of Plaintiff's claims. Paragraph 12 of Plaintiff's Complaint provides that "Plaintiff sues the Defendants under the following legal doctrines: malicious prosecution, fraud, negligence, deceit, respondeat superior, violating the 4th and 14th Amendments of the United States Constitution, false imprisonment and unconstitutional conviction and sentence pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994)." Although Plaintiff's Complaint makes reference to a thirty (30) year old conviction in the state of Maryland, goes on to list a variety of causes of action, and concludes that, in 1998, "Defendants' employees at the Superfresh Food Market, Inc. in Prince Georges County, Maryland, intentionally, maliciously, erroneously and negligently identified and accused the Plaintiff of armed robbery," Plaintiff provides no specific factual allegations to support the particular

claims asserted. Nor does Plaintiff's Complaint specify which claims are asserted against each particular Defendant. Such Complaint violates the requirements of Federal Rule of Civil Procedure Rule 8(a), which requires that the Complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Such Complaint also fails to provide Defendants with adequate notice as to the claims asserted against them, as well as the legal and/or factual basis of such claims. Moreover, the overarching deficiencies in Plaintiff's claims prevent the Court from properly screening the Complaint for the purpose of establishing whether Plaintiff's claims are subject to sua sponte dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2).

Accordingly, IT IS on this 20th day of June, 2011,

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby granted; and it is further

ORDERED that the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

ORDERED that Plaintiff's Complaint is dismissed, without prejudice, with leave to file an amended complaint within thirty (30) days of entry of this Order. If Plaintiff fails to file an amended complaint within thirty (30) days, his Complaint will be dismissed with prejudice. In the interim, the Clerk's Office is directed to close the Court's file in this matter without prejudice to the reopening of same if Plaintiff chooses to file an amended complaint within thirty (30) days.

**IT IS SO ORDERED.**

JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE