NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARVEY PATRICK SHORT, <br><br> Plaintiff, <br><br> v. <br><br> GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al., <br><br> Defendants. | Civil Action No.: 10-6044 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge

This matter comes before the Court by way of a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 by Defendants Great Atlantic & Pacific Tea Company, Inc. ("A&P") and Superfresh Food Markets ("Superfresh") (collectively "Defendants"). (CM/ECF No. 31). *Pro se* Plaintiff Harvey Patrick Short ("Plaintiff" or "Short") filed an opposition on May 7, 2013. (CM/ECF No. 32). Defendants did not file a Reply. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court DENIES Defendants' motion.

## I. BACKGROUND

Defendants maintain that during the pendency of the instant action, on December 20, 2011, Plaintiff Harvey Patrick Short ("Plaintiff" or "Short") filed a separate action in the Court of Common Pleas for Philadelphia County ("Pennsylvania Action") against certain defendants

including Pathmark Stores, Inc. ("Pathmark"), which Defendants maintain is a subsidiary of A&P and affiliate of Superfresh. (Defs.' Mot. 1, Defs.' Statement of Undisputed Material Facts ("SUMF") ¶ 1). Insofar as the Court can ascertain, the parties do not dispute that the allegations in that action involved Pathmark's alleged failure to confirm the identification and/or signature of individuals using Plaintiff's debit card. (SUMF ¶ 2). Short and Pathmark negotiated and executed a settlement in or around August of 2012 (the "Settlement Agreement"). (SUMF ¶ 5). Pursuant to the Settlement, Pathmark agreed to make a one-time payment to Short of $200.00. (SUMF Ex. A-1, ¶ 2). The Settlement Agreement also contained a release, which provides, in relevant part, as follows:

> In consideration of the Settlement Amount, Short . . . does remise, release, and forever discharge Pathmark, and its officers, directors, shareholders, owners, members, partners, employees, agents, representatives, predecessors, successors, parent corporations, subsidiaries, affiliates, assigns, creditors, insurers, and attorneys of and from any and all claims, actions, causes of action, suits, accounts, covenants, contracts, controversies, debts, damages, judgments, and demands of whatever kind or nature that Short ever had, now has or hereafter can, shall, or may have from the beginning of the world to the date hereof against Pathmark; provided, however, that this release shall not apply to any claim arising from or relating to the obligations set forth in this Agreement.

(SUMF Ex. A-1 ¶ 3(a)).

Defendants filed the instant motion for summary judgment on April 19, 2013. (CM/ECF No. 31). Plaintiff filed an opposition on May 7, 2013. (CM/ECF No. 32). Defendants did not file a Reply.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party must first demonstrate that there is

no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court construes facts and inferences in the light most favorable to the non-movant in order to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could find for the non-moving party. *Id.* at 248. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted). "Thus, if a reasonable fact finder could find in the nonmovant's favor, then summary judgment may not be granted." *Norfolk S. Ry. Co. v. Basell USA, Inc.*, 512 F.3d 86, 91 (3d Cir. 2008).

### III. DISCUSSION

In essence, Defendants argue that the Settlement Agreement executed by the parties in connection with the Pennsylvania action bars Plaintiff Short's claims in this action. At the outset, the Court notes the Settlement Agreement provides that it "shall be governed by, and construed in accordance with the substantive law of the State of Pennsylvania." (SUMF Ex. A-1 ¶ 7(f)). In order to determine which state's substantive law applies, a federal court sitting in diversity must apply the forum state's choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Warromer v. Stantom*, 475 F.3d 497, 499-500 (3d Cir. 2007). "Ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy." *Instructional Sys., Inc. v. Computer Curriculum Corp.*, 130 N.J. 324, 614 A.2d 124, 133 (1992) (citing Restatement (Second) of Conflict of Laws § 187 (1969)). The parties do not contend, nor is the Court aware of, any violation of New Jersey

3

public policy that would result. Accordingly, the Court will apply Pennsylvania law to Plaintiff's contract claims.

"Under Pennsylvania law, written releases are interpreted in accordance with the rules of contract construction." *A.G. Cullen Const., Inc. v. State System of Higher Educ.*, 898 A.2d 1145, 1167 (Pa. Cmwlth. 2006). "In construing a release, the foremost consideration is the intent of the parties." *A.G. Cullen*, 898 A.3d at 1167; *accord Gunser v. City of Phila.*, 241 F. App'x. 40, 42 (3d Cir. 2007) ("Under Pennsylvania law, our guiding concern when construing the scope of a release is to honor the parties' intent."). A court determines the intent of the parties by examining the language of the release as well as the circumstances surrounding its execution. *A.G. Cullen*, 898 A.3d at 1167; *Gunser*, 241 F. App'x. at 42. "The effect of a release is determined by the ordinary meaning of its language, unless a different meaning was clearly intended." *A.G. Cullen*, 898 A.3d at 1167 (citations omitted); *Flatley by Flatley v. Penman*, 429 Pa. Super. 517, 520 (Pa. Super. 1993).

Generally, a release will not cover matters not within the contemplation of the parties. *A.G. Cullen*, 898 A.2d at 1168. "However, a party cannot evade the clear language of a release by asserting he did not subjectively intend to release the claim in question." *Id.* Regardless, in construing the release, a court should not employ "rigid literalness" which would create a contract contrary to the intent of the parties. *Id.* In addition, "The language of a larger settlement agreement into which the release is incorporated may also provide key insight into the parties' intent." *Gunser*, 241 F. App'x. at 42.

In opposition to the instant motion, Plaintiff submits that "[t]he [S]ettlement [A]greement only released Pathmark and its officers, directors, agents, etc. from all claims, suits, causes of action, etc. against Pathmark." (Pl.'s Opp'n. 1). In opposition to the instant motion, Plaintiff

4

primarily argues that defense counsel misconstrues the Settlement Agreement as applying to parties beyond Pathmark. Plaintiff submits: "In short, the settlement agreement only released or discharged claims, causes of action, and/or suits against Pathmark. It did not release or discharge the claims that the Plaintiff presently have [sic] against the Great Atlantic & Pacific Tea Company, Inc. and Superfresh Food Market, Inc. in civil action number 10-6044 (JLL)." (Pl.'s Opp'n. 2). Plaintiff argues that there is a genuine dispute regarding the interpretation of the Settlement Agreement and release and, accordingly, summary judgment is inappropriate. *Id.*

As Plaintiff is proceeding *pro se*, the Court will liberally construe the filings made by him. The Court notes, however, that Plaintiff's argument is somewhat misguided because, as a general matter, contract interpretation is an issue of law, not fact. *Smith v. Weaver*, 445 Pa. Super. 461, 466 (Pa. Super. 1995) ("Where the issue is the interpretation of an unambiguous contract, the court is to resolve the matter as an issue of law."); *see, e.g. Katona v. Consolidated Rail Corp.*, Civ. No. 89-8753, 1991 WL 3474, at *2 (E.D. Pa. Jan. 8, 1991) ("Interpretation of a written contract is an issue of law for the judge and amenable to decision by summary judgment."). Accordingly, a dispute regarding the proper interpretation of an unambiguous contract will not preclude summary judgment.

The Settlement Agreement at issue here contains a comprehensive recitation of the facts underlying the claim being released. Those facts pertain to the Pennsylvania Action which concerned Pathmark's alleged failure to confirm the identification and/or signature of individuals using Plaintiff's debit card. Accordingly, it unambiguously releases all claims related to and arising from the Defendants' employees alleged failure to verify same. As discussed above, the Settlement Agreement also contains the following relevant language:

> In consideration of the Settlement Amount, Short . . . does remise, release, and forever discharge Pathmark, and its officers, directors, shareholders, owners, members, partners, employees, agents, representatives, predecessors, successors, parent corporations, subsidiaries, affiliates, assigns, creditors, insurers, and attorneys of and from any and all claims, actions, causes of action, suits, accounts, covenants, contracts, controversies, debts, damages, judgments, and demands *of whatever kind or nature that Short ever had, now has or hereafter can, shall, or may have from the beginning of the world to the date hereof against Pathmark.*

(SUMF Ex. A-1 ¶ 3(a)) (emphasis added).

The language of the release is unquestionably broad, but yet there is no mention of the instant action in the recitation, despite the undisputed fact that the claim was known to Plaintiff. Accordingly, the Court cannot say that the Settlement Agreement unambiguously releases the claims at issue here. It is also noteworthy that it remains unclear whether Plaintiff was represented by counsel at the time he negotiated and executed the Settlement Agreement. At this stage of the proceeding, the Court declines to rigidly interpret the broad language of the release at issue here as a clear and unambiguous manifestation of the parties' intent to release claims against subsidiaries or affiliates not explicitly named insofar as they do not relate to the recitation of facts in the Settlement Agreement.

In addition, the Court finds summary judgment inappropriate for a wholly unrelated reason. Defendants contend that "[a]s it is evident that the Settlement Agreement calls for the release of Pathmark, A&P, and Superfresh (amongst other entities) . . . Plaintiff's instant claims have also been released, and Plaintiff cannot pursue the instant action." (Defs.' Mot. 6). As noted above, the release contains broad language geared toward extinguishing any claims against "Pathmark, and its officers, directors, shareholders, owners, members, partners, employees, agents, representatives, predecessors, successors, parent corporations, subsidiaries, affiliates, assigns, creditors, insurers, and attorneys." (SUMF Ex. A-1 ¶ 3(a)). Specifically, it is unclear

from the submission that Pathmark Stores, Inc. is indeed a subsidiary of A&P and an affiliate of Superfresh, such that they would be covered by the terms of the release. In any event, in support of that factual proposition, Defendants point to only the following language from the affidavit of an attorney:

> Subsequent to the initiation of the instant action, on December 20, 2011, Plaintiff Harvey Patrick Short ("Plaintiff") commenced an action against, amongst other defendants, Pathmark Stores, Inc. ("Pathmark"), a subsidiary of A&P and an affiliate of Superfresh, in the Court of Common Pleas for Philadelphia County (December Term, 2011, No. 2491) titled "*Short v. Wawa Inc., et al.*["] (the "Pennsylvania Action").

(Defs.' SUMF ¶ 1; Ex. A) (alteration supplied). Therefore, on the record currently before the Court, Defendants have not established that summary disposition of this claim is appropriate.

## IV. CONCLUSION

For the reasons set forth above, the Court denies Defendants' motion for summary judgment. The Settlement Agreement previously executed by Plaintiff in connection with a factually unrelated claim does not unambiguously bar his claims here. Nor is it apparent on the record before the Court that Plaintiff's claims are barred by virtue of Defendants' relationship to Pathmark.

An appropriate Order accompanies this Opinion.

Dated:

                                              Jose L. Linares
                                              United States District Judge