UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

August 28, 2013

**LETTER OPINION & ORDER**

Harvey Patrick Short, KA3544
SCI Forest
PO Box 945
Marienville, PA 16239

    RE:    **Short v. Great Atlantic & Pacific Tea Co., Inc., et al.**
             **Civil Action No. 10-6044 (JLL)**

Dear Litigants:

Presently before the Court is plaintiff's July 26, 2013 application for pro bono counsel under 28 U.S.C. § 1915(e)(1). See Appl. for Pro Bono Counsel, ECF No. 37. For the reasons set forth below, plaintiff's request is denied.

**Background**

On November 18, 2010, plaintiff filed a Complaint against Great Atlantic & Pacific Tea Company, Inc. and Superfresh Food Markets, Inc., alleging that Superfresh employees "intentionally, maliciously, erroneously, and negligently identified and accused the Plaintiff of armed robbery[,]" which ultimately led to plaintiff being wrongly convicted. See Complaint, ECF No. 1 ¶¶ 4,6. Plaintiff served ten years in prison, but his conviction was ultimately reversed. Id. ¶¶ 7-11. Plaintiff sought $15,000,00 in compensatory damages and $5,000,000 in punitive damages. Id. Plaintiff also applied to proceed in forma pauperis ("IFP"). Id. On June 20, 2011, the Court granted plaintiff's IFP application, but dismissed plaintiff's Complaint without prejudice as the Complaint failed to provide defendants with adequate notice of plaintiff's claims. See Order, ECF No. 2.

Plaintiff's First Amended Complaint was received by the Court on July 25, 2011, see First Amended Complaint, ECF No. 4, but the Complaint was again dismissed without prejudice

1

due to both substantive and procedural deficiencies.  See Order, ECF No. 7.

A Second Amended Complaint was filed on March 23, 2012.  See Second Amended Complaint, ECF No. 8.  On August 20, 2012, plaintiff moved for initial review of the Second Amended Complaint.  See Letter, ECF No. 15.  On September 4, 2012, the Court dismissed plaintiff's Second Amended Complaint as the document did not constitute a well-pleaded complaint, such that defendants would have been put on notice of claims against them.  See Order, ECF No. 17.

A Third Amended Complaint was filed on September 24, 2012.  See Third Amended Complaint, ECF No. 18.  On March 20, 2013, defendants moved for summary judgment.  See Mot. Summ. J., ECF No. 27.  Defendants argued a settlement agreement between plaintiff and Pathmark, a subsidiary of defendants, precluded plaintiff from brining suit against them.  See id.  Plaintiff opposed the motion, arguing that, at the time of settlement, Pathmark was not a subsidiary of defendants.  See Opp'n to Mot. Summ. J., ECF Nos. 28, 29.  Defendants' motion was denied without prejudice due to defendants' failure to comply with Local Civil Rule 56.1.  See Order, ECF No. 30.

A second Motion for Summary Judgment was filed on April 19, 2013, which was substantively similar to defendants' initial motion.  See Mot. Summ. J., ECF No. 31.  Plaintiff again opposed the motion; his submission included a memorandum of law in opposition with accompanying exhibits.  See Opp'n to Mot. Summ. J., ECF No. 32.  On May 23, 2013, the Court denied defendants' motion.  See Opinion, ECF No. 33; Order, ECF No. 34.

**Discussion**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel.  Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997).  District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e).  Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).  Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court.  Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, the Court considers the framework established in Tabron, 6 F.3d at 155–57.  Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155).  If the applicant's claim has some merit, the Court considers the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of

>	the plaintiff to pursue such investigation;
>	(4) the amount a case is likely to turn on credibility determinations;
>	(5) whether the case will require the testimony of expert witnesses;
>	(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457–58 (citing Tabron, 6 F.3d at 155–56, 157 n.5).  This list is not exhaustive, but it provides guideposts for the Court.  Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457).  A court's decision to appoint counsel "must be made on a case-by-case basis."  Tabron, 6 F.3d at 157–58.  Also, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 458).  Here, with respect to the first Tabron prong, the Court assumes that plaintiff's claim has merit for purposes of this application.  Nevertheless, consideration of the Tabron factors does not demonstrate that appointment of counsel is warranted at this time.

     First, plaintiff has not demonstrated that he will be unable to present his case.  When considering a plaintiff's ability to present a case, courts generally consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  If a plaintiff is incarcerated, courts also consider restraints in place by virtue of the confinement.  Id.  Here, while plaintiff is incarcerated, his cogent submissions indicate that he can request relief and express a basis for that relief.  Plaintiff's active participation in the case also demonstrates he is able to stay abreast of the matter's progress and participate in the proceedings.  For example, plaintiff was able to successfully oppose defendants' motion for summary judgment and has recently filed a motion for default judgment.  See Mot. Default J., ECF No. 36.  In addition, plaintiff provides no explanation or clarification as to why he would be unable to present his case.  Finally, plaintiff's prior suit against, and settlement with, Pathmark demonstrates plaintiff has relevant "prior litigation experience."  Accordingly, this factor does not favor appointment of counsel.

     Second, plaintiff's claims do not involve complex legal issues.  Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502.  Courts also consider "the proof going towards the ultimate issue and the discovery issues involved."  Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502–03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case).  Here, appointment of counsel is not warranted because plaintiff's factual claims are easy to understand, and the legal issues involved are relatively straightforward.  See Shepherd v. Ambrosino, No. 07-4968, 2009 WL 2488184, at *1 (D.N.J. Aug. 11, 2009) (finding that a case involving "false arrest and malicious prosecution" was not complex); Molina v. City of Lancaster, 159 F. Supp. 2d 813, 821 (E.D.Pa. Mar. 30, 2001) (denying application for pro bono counsel in a case where plaintiff alleged malicious prosecution and conspiracy because the "issues are not complex and there does not appear to be

an overwhelming need for extensive discovery"). Furthermore, plaintiff's ability to obtain a settlement with Pathmark in the Pennsylvania litigation demonstrates plaintiff's understanding of the legal issues involved in this case. Accordingly, the second Tabron factor weighs against plaintiff.

Third, there is no indication that plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. Based upon Plaintiff's Third Amended Complaint, it does not appear this case involves a cumbersome set of facts that requires an attorney to investigate or present. Further, Plaintiff does not mention any particular discovery problem he expects to confront. Moreover, he will be able to use all the discovery tools made available to him in the Federal Rules of Civil Procedure to investigate his claims and any defenses. Thus, the third Tabron factor also weighs against appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parham, 126 F.3d at 460. Here, nothing in plaintiff's claims indicates that this case will be "solely" a swearing contest. For example, plaintiff will likely rely upon objective facts, such as the ultimate dismissal of his conviction, when presenting his case. Accordingly, the fourth Tabron factor also weighs against appointment.

Fifth, plaintiff does not claim this case will require expert testimony and it does not appear that expert testimony is necessary in this case. See, e.g., Shepherd, 2009 WL 2488184, at *1 (denying application in a malicious prosecution case when plaintiff failed to show expert testimony was necessary). Thus, the fifth Tabron factor does not favor appointment.

Sixth, while the Court granted plaintiff IFP status, plaintiff has not described any efforts to obtain counsel on his own. Accordingly, this factor does not favor appointment. See Parham, 126 F.3d at 461. But even to the extent that plaintiff has shown himself to be indigent for purposes of the sixth Tabron factor, that showing alone does not support appointment of pro bono counsel. See Clinton v. Jersey City Police Dep't, Civ. No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009) ("While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other Tabron factors.").

## Conclusion

A balancing of the factors set forth above does not weigh in favor of granting plaintiff's request for counsel at this time. Therefore, plaintiff's application for the appointment of pro bono counsel [ECF No. 37] is denied.

**So Ordered**,

                                      s/*Michael A. Hammer*
                                      UNITED STATES MAGISTRATE JUDGE